LAWRENCE JOHNSON and H. C. CROW, in Error, *v.* C.
PERKINS, Adm'r, etc., for the use of
VINEY WHITFIELD.

WIDOW. *Property exempt in her hands. Wrongfully sold. May ratify
sale and recover on note given for purchase money.* Where an ad-
ministrator wrongfully sold property exempt from execution,
which, by Section 2,288 of the Code, vested in the widow for
herself, and in trust for the benefit of the children of her de-
ceased husband, and took the note of the purchaser for the pur-
chase money, and was compelled *in invitum* by the Freedmen's
Bureau to deliver the note to the widow (she being colored).

*Held*, that though the sale of the property was voidable for want
of authority in the action, yet it was competent for the widow
to ratify the sale, which she did, by bringing suit on the note,
and that a recovery upon the note would vest the property in
the purchaser, and estop her from recovering the property from
him. Code, Sec. 2,288.

---

FROM GILES.

---

Appeal from the Circuit Court. HILARY WARD,
Judge

JNO. C. BROWN for Johnson *et al.*

T. M. JONES and N. SMITHSON for Perkins *et al.*

DEADERICK, J., delivered the opinion of the Court.

Viney Whitfield, colored, is the widow of Robert
Whitfield, of whose estate Perkins is, or was, adminis-
trator. After Perkins administered, he sold to Johnson,
at public sale, certain property exempt from execution,

and which, by the provisions of § 2,288 of the Code, was vested in the widow for herself, and in trust for the benefit of the children of the deceased. For this property Johnson executed a note to the administrator, with Crow as security.

The note was for $362, and due the 16th of December, 1866.

After the execution of the note, Viney having been advised of her rights, claimed the note, and by the interposition of the agent of the Freedmen's Bureau, Perkins delivered the note to her. Perkins was told by the agent that if he did not surrender the note voluntarily, he would be forced to do it.

Viney then brought suit upon it in the name of Perkins, Adm'r, for her use, before a magistrate, and his judgment being rendered against her, she brought the case into the Circuit Court by *certiorari*, where judgment was in her favor, from which Crow appeals to this Court.

It is insisted for him that the verdict can not be sustained, because the contract was illegal, the administrator being guilty of a trespass in taking and converting the property to which he had no title.

In the view we have taken of the case, while it is conceded that Perkins had no right to sell the property, the title to which vested in the widow, yet, having made the sale and taken the note, payable to himself, the widow may elect to ratify the sale and accept the note for its price; and this election and ratification is clearly manifested by bringing her suit

upon the note, and a ratification of the sale and recovery on the note would estop her from bringing any suit to recover the property in specie, and would confer upon the purchaser a title to the property. It is true Perkins had no right to sell the property, but there is no such illegality in the contract of sale as that, for reasons of public policy, it may not be ratified and confirmed by the party having the legal title.

This is the main defense relied on, and we think His Honor, the Circuit Judge, charged the law applying to the facts correctly on this point.

It being clear that Viney was entitled to the note given for her property, her title to it, and right to retain and sue upon it, would not be affected, because she sought the aid of others to compel the administrator to restore it to her. Perkins must be treated as receiving and holding the note for her benefit if she elects to ratify the sale.

We are of opinion that the charge of the Court is not erroneous upon the points indicated, and that the verdict is supported by the evidence, and that the merits and justice of the case have been reached. The judgment will therefore be affirmed.